**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROY RODRIGUEZ,                                                                              PLAINTIFF
ADC #141625

v.                                          5:12-cv-00215-DPM-JJV

LARRY MAY, Deputy Director,
Arkansas Department of Correction; *et al.*,                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P.
Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis for the objection.  If the objection is
to a factual finding, specifically identify that finding and the evidence that supports your objection.
An original and one copy of your objections must be received in the office of the United States
District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a new hearing for this purpose before either the District Judge or
Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was
not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Plaintiff, Roy Rodriguez, is an Arkansas Department of Correction inmate at the Varner Supermax Unit.  He filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights.  Having reviewed the Complaint (Doc. No. 2), the Court finds that Plaintiff seeks monetary relief from Defendants who are immune from such relief and his Complaint (Doc. No. 2) should be DISMISSED without prejudice.

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 547 (2007).    In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions."  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *See id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

## III.    ANALYSIS

In his Complaint, Plaintiff seeks redress in the form of monetary damages. (Doc. No. 2.) His Complaint (Doc. No. 2), however, is silent as to whether he seeks redress from the Defendants in their official or individual capacity.[1]  When a plaintiff's complaint is silent as to the capacity in which the plaintiff is suing the defendant, the Court interprets the complaint as only including official capacity claims.  *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). A suit against a state official in his or her

---

[1]The Court notes that Plaintiff's failure to indicate the capacity in which he was suing the Defendants might be due to the fact that he did not use the standard 42 U.S.C. § 1983 Form Complaint.  If Plaintiff wishes to sue the Defendants in their personal capacity, he should say so in his objections to this recommended disposition.

official capacity is not a suit against the official but rather is a suit against the state.  *See Printz v. U.S.*, 521 U.S. 898, 930 (1997); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The Eleventh Amendment bars suits against states for monetary damages.  *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Dakota, Minnesota & Eastern R.R. Corp. v. S. D.*, 362 F.3d 512, 516 (8th Cir. 2004); *Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996).  Section 1983 does not override Eleventh Amendment immunity.  *Hadley*, 76 F.3d at 1438. The Eleventh Amendment has, thus, been construed to also prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity.  *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996).  Plaintiff's claims for monetary damages from the Defendants in their official capacities are, therefore, barred and his Complaint (Doc. No 2) should be DISMISSED.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.      The Complaint (Doc. No. 2) should be DISMISSED without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B)(iii).

2.      Dismissal of the Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment

---

[2]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).

would not be taken in good faith.

DATED this <u>24th</u> day of October, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE